**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

KEVIN PATRICK BOODY,

      Petitioner,

v.                                 Case No.   3:16-cv-667-J-32MCR
                                                            3:07-cr-248-J-32MCR

UNITED STATES OF AMERICA,

      Respondent.

---

**O R D E R**

This case is before the Court on Kevin Boody's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1).[1] The government responded. (Doc. 4). Because Boody's motion is untimely, barred by the plea agreement, and otherwise meritless, his motion is denied.

## I. BACKGROUND

On April 8, 2008, Boody, pursuant to a plea agreement, pleaded guilty to Count Three of his five-count indictment, for interstate transportation of child pornography, in violation of 18 U.S.C. § 2252(a)(1). (Cr. Doc. 21 at 1). Boody's plea agreement stated that he would be sentenced to a minimum of fifteen

---

[1] Citations to Boody's underlying criminal case, <u>United States v. Boody</u>, no. 3:07-cr-248-J-32-MCR, are designated "Cr. Doc.", whereas citations to the record of this case are designated "Doc."

years and a maximum of forty years imprisonment, (Cr. Doc. 21 at 1), and contained a waiver of the right to appeal or collaterally challenge his sentence, (Cr. Doc. 21 at 8–9). The agreement states:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution.

(Cr. Doc. 21 at 8–9).

The plea agreement, which was initialed by Boody on every page and signed at the end, also contains a factual basis, which the Magistrate Judge and this Court found sufficient to support the crime to which Boody pleaded. (Cr. Docs. 21 at 13–14; 22 at 1; 25 at 1). The factual basis of the plea agreement states, in part: "The email sent by Boody from Jacksonville, Florida to the undercover FBI agent in Maryland on March 18, 2006 contained three images depicting child pornography. . . . Boody knew that at least one of the performers in each of these visual depictions was minor child . . . engaged in sexually explicit conduct." (Cr. Doc. 21 at 14). On May 2, 2008, the Court accepted Boody's guilty plea, and on October 2, 2008, the Court sentenced

Boody to 212 months of imprisonment. (Cr. Docs. 30; 31). Boody did not appeal his sentence.

Boody now challenges his sentence and conviction. (Doc. 1). Boody first asserts that the prosecutor failed to disclose a computer forensics investigation report to his attorney, and "[w]ithout this report, there is no interstate or foreign commerce violation." (Doc. 1 at 4). Boody next argues that his sentence is unreasonable under United States v. Booker, 543 U.S. 220 (2005). Boody's arguments fail.

## II. DISCUSSION

Boody's motion is untimely. Section 2255 requires that a motion under that section be filed within one year from the latest of: "(1) the date on which the judgment of conviction becomes final; . . . [or] (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." Boody's judgment was entered on October 3, 2008, and, as he did not appeal, it became final on October 17, 2008.[2] Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999) (explaining

---

[2] In its response, the government states "judgment was entered in this case on October 6, 2008, and it became final on October 20, 2008 . . . ." (Doc. 4 at 2). However, the criminal docket shows that Judgment was entered on October 3, 2008 and was mailed to the parties on October 6, 2008. Regardless of whether Judgment was effective on October 3 or 6, 2008, Boody's motion is untimely.

that a conviction becomes final when the time for filing a direct appeal expires); (Cr. Doc. 31). Therefore, Boody's motion, filed on May 31, 2016, is untimely under § 2255(f)(1). To get around this problem, Boody contends that his motion is timely under § 2255(f)(3). (Doc. 1 at 1). However, the case Boody relies upon as recognizing a new right made retroactive for collateral review is <u>Booker</u>, which was decided in 2005. (Doc. 1 at 11). Thus, Boody's motion is untimely.

Nonetheless, even if Boody's motion was timely, it would be precluded by the terms of his plea agreement. In his plea agreement, Boody waived his right to collaterally challenge his sentence except for three specific issues. (Cr. Doc. 21 at 8–9). Boody's motion, (Doc. 1), fails to raise any issue allowed by his plea agreement, and is therefore barred.

Lastly, even if Boody could surpass the timeliness and waiver issues, his substantive arguments are meritless. In his plea agreement, Boody agreed that he sent an email containing child pornography from Florida to an FBI agent in Maryland. As such, the factual basis of the plea agreement satisfies the interstate nexus requirement under 18 U.S.C. § 2252(a)(1).[3] (See Doc. 1 at 4). There is also no merit to Boody's <u>Booker</u> argument. (Doc. 1 at 5).

Accordingly, it is hereby

---

[3] Additionally, the government states that it complied with all discovery obligations and provided Boody's counsel with "three FBI forensic examination reports detailing the analysis of Boody's computer media." (Doc. 4 at 3–4).

**ORDERED:**

1. Boody's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) is **DENIED**.

2. The Clerk shall enter judgment favor of the United States and against Kevin Patrick Boody, and then close the file.

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-Eli v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances. Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

Certificate of appealability and leave to appeal in forma pauperis DENIED.

**DONE AND ORDERED** in Jacksonville, Florida this 14th day of September, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

jb
Copies to:
Counsel of record

Pro Se party