UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 3:07-cr-248-J-32MCR

KEVIN PATRICK BOODY  ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

## O R D E R

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.[1]

☒ FACTORS CONSIDERED

Defendant Kevin Patrick Boody is a 54-year-old inmate incarcerated at Petersburg Medium FCI, serving a 212-month term of imprisonment for the interstate transportation of child pornography. (Doc. 31, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on October 22, 2023. Defendant seeks compassionate release because of the Covid-19 pandemic and because he claims to suffer from obesity, prediabetes, asthma, chronic sinus

---

[1] The Court assumes for the sake of discussion that Defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement.

problems, and seasonal bronchitis. (Doc. 43, Motion for Compassionate Release). He also claims that he has experienced a bad reaction to the flu vaccine, such that it would be dangerous for him to receive the Covid-19 vaccine.

A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). "Given the permissive language [of § 3582(c)(1)(A)], a district court's decision whether to grant or deny a defendant's request for a sentence reduction is discretionary." United States v. Winner, No. 20–11692, 2020 WL 7137068, at *2 (11th Cir. Dec. 7, 2020). As the Third Circuit Court of Appeals has observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Defendant has not demonstrated extraordinary and compelling reasons warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A). According to the Centers for Disease Control (CDC), certain underlying conditions might increase the risk of severe infection from Covid-19 and other conditions are known to increase the risk of serious illness.[2] Most of Defendant's asserted conditions only fall into the

---

[2] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

former category (such as asthma) or neither category (such as prediabetes, seasonal bronchitis, and chronic "sinus problems"). The only asserted condition Defendant has that is known to increase the risk of severe illness is obesity. However, Defendant has not offered proof confirming that he is, in fact, obese. Moreover, obesity is not an extraordinary condition. According to the CDC, 42.4% of American adults suffered from obesity as of 2017-2018.[3] Assuming federal prisoners experience obesity at about the same rate as the general population, roughly half the federal prison population would be eligible for compassionate release if it qualified as an extraordinary and compelling circumstance. United States v. Hayes, No. 3:18-cr-37-J-34JBT, 2020 WL 3611485, at *2 (M.D. Fla. July 2, 2020). As for Defendant's claim that it would be dangerous to receive the Covid-19 vaccine because he has experienced an adverse reaction to the flu vaccine, that assertion is only speculative at this point. Accordingly, the Court concludes that Defendant has not established extraordinary and compelling reasons for compassionate release. 18 U.S.C. § 3582(c)(1)(A).[4]

In any event, the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. Defendant is serving a 212-month sentence for the interstate transportation of child pornography.

---

[3]     https://www.cdc.gov/obesity/data/adult.html.

[4]     The Court recognizes that there is a split of authority over whether district courts are bound by the list of extraordinary and compelling reasons contained in U.S.S.G. § 1B1.13, cmt. 1(A)-(D). See, e.g., United State v. Ruffin, 978 F.3d 1000, 1006–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 234 (2d Cir. 2020). The Court's decision does not depend on the resolution of that issue because it would reach the same conclusion if it had independent authority to identify extraordinary and compelling reasons.

He possessed over 200 videos and 9,000 images of child pornography, some of which depicted the sadistic and masochistic sexual abuse of prepubescent children by adult men. (Presentence Investigation Report [PSR] at ¶¶ 5-10, 16-21); (Doc. 21, Plea Agreement at 12-16). Defendant further distributed some of these images over the internet by emailing them to another person. (PSR at ¶¶ 6, 7, 18, 20). Compounding matters, this was not Defendant's first offense, either for a child sex offense or otherwise. Prior to his conviction in this case, Defendant had been convicted of assault, public indecency, theft by unauthorized taking or transfer, two counts of aggravated trafficking or furnishing scheduled drugs, two counts of sexual abuse of a minor, four counts of furnishing liquor to a minor or allowing a minor to consume alcohol, and one count of failing to register as a sex offender. (PSR at ¶¶ 30-36). Moreover, Defendant has a self-reported history of problems with mental health and substance abuse (id. at ¶¶ 46-49), but it is unclear if he has a viable plan for obtaining counseling and treatment upon his release. In view of all the § 3553(a) factors, reducing Defendant's term of imprisonment is not warranted at this time.

Accordingly, Defendant Kevin Patrick Boody's Motion for Compassionate Release (Doc. 43) is **DENIED.**

**DONE AND ORDERED** at Jacksonville, Florida this 14th day of January, 2021.



TIMOTHY J. CORRIGAN
United States District Judge

4

Case 3:07-cr-00248-TJC-MCR   Document 44   Filed 01/14/21   Page 5 of 5 PageID 129

lc 19

Copies:
Counsel of record
Defendant

5